In the Matter of the ESTATE of Eva B. HARDESTY, Deceased.

W. Boyce WHITE, Appellee,

v.

Carl M. WHITE, Appellant.

No. 48132.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 23, 1975.

Released for Publication by Order of Court of Appeals Jan. 15, 1976.

Farmer, Woolsey, Flippo & Bailey by Robert J. Woolsey, Otho Flippo, Tulsa, for appellee.

N. Franklin Casey, Tulsa, for appellant.

BOX, Judge:

An appeal by Carl M. White, appellant (contestant) from the admission of a will of Eva Belle Hardesty, Deceased, to probate.

On September 30, 1974, Carl M. White filed in the District Court of Tulsa County, Oklahoma, his Petition for Letters of Administration of the Estate of Eva Belle Hardesty, Deceased. Proper notice of the hearing was given. On October 16, 1974, W. Boyce White filed in the same cause his Petition for Probate of an alleged will of said decedent. Hearing on the case was continued by proper order until November 7, 1974. On November 6, 1974, Carl M. White filed his Will Contest alleging, among other things, that the alleged will was not executed and attested as required by Oklahoma law. Trial of the case was continued by proper order until December 2, 1974.

Upon the trial on December 2, 1974, the proponent of the will introduced the deposition of Jo Ann White. Objections were made to the introduction of the deposition during the trial. The objection of contestant was overruled. The court allowed the deposition to be introduced into evidence. Contestant, Carl M. White, demurred to the evidence of proponent at the close of the proponent's case. The demurrer was overruled and contestant elected to stand on his demurrer. The court continued the cause until December 13, 1974, in order to allow contestant an opportunity to perfect an appeal. Contestant elected not to pursue an appeal but instead, on December 6, 1974, filed his motion for a new trial. Contestant's motion for a new trial was sustained by the court after proper hearing on December 13, 1974, and a new trial was ordered on all issues.

The second trial of the issues was heard on December 23, 1974. Contestant, however, on December 7, 1974, filed his written objections, pursuant to statute, to the depositions of Jo Ann White. On December 23, 1974, the court heard the actual testimony of one witness to the will. The testimony of a third witness to the purported will was never proffered. The court overruled contestant's written objec-

tions to the deposition of Jo Ann White and admitted her deposition into evidence, also. The court continued the case until December 27, 1974, at which time the court again admitted the purported will of Eva Belle Hardesty to probate. From that decision, appellant (contestant) has perfected this appeal.

For error, appellant (contestant) alleges the following:

"PROPOSITION NO. 1. The burden of proof is on the proponent of a will to prove that the alleged will was executed according to statute.

"PROPOSITION NO. 2. In will contest cases, the testimony of two witnesses is required to properly prove the will.

"PROPOSITION NO. 3. The trial court erred as a matter of law in overruling the written objection of the contestant to the deposition of Jo Ann White."

 Regarding appellant's Propositions 1 and 2, the record reveals that appellee met the burden of proof. Further, that two subscribing witnesses' testimony was produced by deposition.

Regarding appellant's Proposition No. 3, the assignment of error particularly stressed by appellant to reverse the action of the trial court, the Supreme Court in the case of *In Re Free's Estate,* 181 Okl. 564, 75 P.2d 476, held as follows:

"3. A substantial compliance with section 1546, O.S.1931, 84 Okl.St.Ann. § 55, relating to subscribing, publishing, and attesting a will is sufficient to satisfy the provisions thereof.

"4. The asking of leading questions of a witness may be permitted by a trial court and is within the sound judicial discretion thereof; and unless the record shows an abuse of such discretion resulting in prejudice to the constitutional or statutory rights of the party complaining thereof, the same constitutes no ground for reversal."

From a review of the record we find no error as alleged by appellant (contestant); therefore we affirm the action of the trial court.

Affirmed.

ROMANG, P. J., and REYNOLDS, J., concur.